*United States v. Wallace*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

       **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of November, two thousand twenty-three.**

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> JOSEPH F. BIANCO,
>      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee,*

      v.                                            23-6283

JALEESA WALLACE,

       *Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLEE: | David C. James, Samantha Alessi, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, New York, NY. |
| FOR DEFENDANT-APPELLANT: | Brendan White, White & White, New York, NY. |

---

Appeal from an order of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Jaleesa Wallace appeals from the district court's order, entered on March 15, 2023, denying her motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments on appeal to which we refer only as necessary to explain our decision to affirm.

On May 4, 2022, Wallace pled guilty to one count of postal theft in violation of 18 U.S.C. § 1708. The offense related to postal money orders that Wallace stole from a post office in Brooklyn, New York while she was employed by the United States Postal Service ("USPS"). The stolen money orders had a total value of up to $10 million and, at the time of her plea, approximately $4 million's worth had been cashed at various financial institutions.

On January 4, 2023, the district court sentenced Wallace to a below-guidelines sentence of 30 months' imprisonment followed by three years of supervised release. On February 13, 2023, Wallace moved for compassionate release, pursuant to Section 3582(c)(1)(A), before she surrendered to the Bureau of Prisons ("BOP") to begin serving her 30-month sentence. Wallace argued that her incarceration presents unique and numerous hardships for her fifty-one-year-old mother and her two children, aged twelve and four, both of whom have Individualized Education Plans for Attention-Deficit/Hyperactivity Disorder. Wallace also brought to the district court's attention the recently expressed suicidal ideation of her twelve-year-old daughter. The district

2

court denied Wallace's motion on the following grounds: (1) Wallace was not eligible for a sentence reduction under Section 3582(c)(1)(A) because she had not yet begun serving her sentence at the time of the motion, as required by the statute; (2) even if eligible, Wallace had not shown the requisite extraordinary and compelling reasons for her release under the statute; and (3) the sentencing factors under 18 U.S.C. § 3553(a) further weighed against granting Wallace's motion. *United States v. Wallace*, No. 22-CR-153, 2023 WL 2528305, at \*2–4 (E.D.N.Y. Mar. 15, 2023). This appeal followed.[1]

As a threshold matter, Wallace argues that the district court erred, as a matter of law, in holding that a motion for compassionate release under Section 3582(c)(1)(A) is premature, and thus not properly before the court, if the defendant has not begun serving her custodial sentence. Although this Court has not previously addressed this legal question of statutory eligibility, we need not do so here because we affirm the district court's alternative holding, which denied the motion on the merits.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks and citation omitted).

---

[1] Both the district court and this Court subsequently denied bail pending appeal. On June 29, 2023, Wallace moved in the district court for an extension of her surrender date to September 11, 2023, due to the continuing mental health issues faced by her daughter, and that motion was granted. Wallace is now serving the custodial sentence.

Section 3582(c)(1)(A), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). We have emphasized that district courts have broad discretion in evaluating whether a movant has presented extraordinary and compelling circumstances for release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, even if a movant demonstrates extraordinary and compelling circumstances, the district court must consider whether release is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). Accordingly, a district court may deny a motion for compassionate release in "sole reliance" on the Section 3553(a) factors, without determining "whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam) (footnote omitted).

Here, because a district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release," *Jones*, 17 F.4th at 374 (internal quotation marks, citation, and footnote omitted), we need not (and do not) address the district court's determination that Wallace failed to demonstrate extraordinary and compelling reasons for a reduction in sentence based upon her family circumstances. Instead, we conclude that, even assuming *arguendo* that Wallace had demonstrated extraordinary and compelling circumstances, the district court did not abuse its discretion in holding that "the § 3553(a) factors . . . weigh[ed] against granting Wallace's motion for a sentence reduction." *Wallace*, 2023 WL 2528305, at *4.

4

In exercising its discretion, the district court recognized the hardships that Wallace's children would face due to her incarceration given her role as the children's principal caretaker but emphasized that, at the original sentencing, it had "explicitly considered those hardships in downwardly departing from the 37 to 46-month Guidelines range" and imposing the 30-month sentence. *Id*. The district court also noted the new circumstances highlighted by Wallace in her compassionate release motion, including the information about her twelve-year-old's suicidal ideation and further details regarding her children's educational issues. *Id*. at *3. The district court nevertheless concluded that Wallace's arguments for release were outweighed by consideration of the various Section 3553(a) factors. Specifically, the district court explained:

> The 30-month term of imprisonment I imposed was—and remains—necessary to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense," as well as "to afford adequate deterrence to criminal conduct." *Id*. § 3553(a)(2)(A), (B). At sentencing, although I acknowledged that the instant offense was Wallace's first arrest and that she had two young children to care for, I emphasized that she had participated in "a monumental fraud" motivated by "greed." Specifically, $10 million worth of money orders were taken from USPS, resulting in a loss of over $4 million. The offense also did not appear to be isolated; rather, other materials were discovered in Wallace's house— in addition to over $42,000—that were likewise stolen from the mail. I also concluded that general deterrence was particularly important here because other postal employees could be tempted to engage in similar misconduct. Although I departed from the 37 to 46-month Guidelines range, principally in recognition of the hardship to the defendant's children, I remain convinced that Wallace's 30-month sentence was "sufficient, but not greater than necessary, to comply with the purposes of [sentencing]," 18 U.S.C. § 3553(a).

*Id*. at *5 (record citations omitted).

Therefore, it is clear from the record that the district court properly considered the Section 3553(a) factors at the time of the motion and, notwithstanding Wallace's arguments regarding her family circumstances, reasonably determined in its discretion that a balancing of the Section

3553(a) factors counseled against her release. Indeed, Wallace does not suggest that the district court failed to consider the Section 3553(a) factors in denying her motion; rather, in light of the new developments regarding her family, she "maintain[s] that the factors stated in 18 U.S.C. § 3553(a), which were discussed in detail in [her] presentencing memorandum and at the sentencing proceeding itself, . . . all further support a conclusion that the sentence be modified to allow [her] to serve the entirety of her sentence in home confinement[.]" Appellant's Br. at 24. However, to the extent that Wallace disagrees with the district court's balancing of the Section 3553(a) factors in denying her motion, such disagreement provides no basis to disturb the district court's proper exercise of its discretion. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (holding that we do not require "that a particular factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge") (internal quotation marks and citation omitted)); *United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) (per curiam) ("That the district court gave greater weight to [the] unchanged factors [from the original sentence] than to the changed circumstances on which [the movant] relies does not mean that the court failed to consider the latter.").

In sum, the district court's determination, after balancing the relevant Section 3553(a) factors, was well "within the range of permissible decisions," *Borden*, 564 F.3d at 104 (internal quotation marks omitted), and thus we find no basis to disturb the reasoned exercise of its discretion in finding that Wallace was not entitled to compassionate release.

6

\*                    \*                    \*

We have considered Wallace's remaining arguments regarding the district court's denial of the motion on the merits and find them to be unpersuasive.   For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7